UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DONNIE A. ROSE, )
)
        Petitioner, )
)
      v. ) No. 1:18-cv-00409-JRS-DML
)
WARDEN, )
)
        Respondent. )

**Order Denying Petition for Writ of Habeas Corpus and
Directing Entry of Final Judgment**

The petition of Donnie A. Rose for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. JCU 17-08-0009. For the reasons explained in this Order, Mr. Rose's habeas petition must be **denied**.

**A.**     **Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (*per curiam*), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On August 11, 2017, Officer Tetrick wrote a Conduct Report charging Mr. Rose with B-202, possession of a controlled substance. Dkt. 7-1. The Conduct Report states:

> On 8/11/2017 at 1530 hour's [sic] I Ofc. Tetrick, Sgt. Jeter, and Lt. Lane were out in building 643 patting down offenders as they came in from crew. When crew 27 came back in Sgt. Jeter was doing a strip search on offender Rose, Donnie DOC#160366 when he noticed a lump on the inner lining of the boot[;] Sgt. Jeter was trying to find the opening to where the package was shoved into the inner lining of the boot, and was unable to locate it. Lt. Lane sent Sgt. Jeter to go get a pair of scissors to cut open the inner lining of the boot to further inspect what was inside the lining of the boot. While Sgt. Jeter was getting scissors Lt. Lane and myself Ofc. Tetrick kept inspecting the boot. Lt. Lane had his hand inside the boot continuing to look for a hole in the inner lining of the boot when Lt. Lane and myself Ofc. Tetrick saw two peach colored pills the [sic] read V3605 fall out of the boot before Sgt. Jeter had returned with the scissors. I Ofc. Tetrick immediately picked up both pills and put them in a glove and gave them to Sgt. Jeter. Sgt. Jeter took the pills to medical and had the nurses look at them to verify what they actually were. Medical verified both pills as Hydrocodone (325mg), and stated that wasn't anything we carried on center. This puts offender Rose, Donnie DOC#160366 in violation of a Class B Offense 202—Possession or use of controlled substance.

Dkt. 7-1. Lt. Lane and Stephen Jeter also prepared Incident Reports regarding the same incident. Dkt. 7-2; Dkt. 7-3. The two tablets were confiscated, visually verified to be Hydrocodone, and sent to the evidence locker. Dkt. 7-4.

Mr. Rose was notified of the charge on August 11, 2017, when he received the Screening Report. Dkt. 7-5. He pleaded not guilty to the charge, requested a lay advocate, and did not request any witnesses or physical evidence. *Id*. A lay advocate was later appointed. Dkt. 7-6.

The prison disciplinary hearing was held on August 25, 2017. According to the notes from the hearing, Mr. Rose stated, "I just got the boots that Sunday. I wore them about a week." Dkt. 7-7. Based on the staff reports and Mr. Rose's statement, the hearing officer found Mr. Rose guilty of B-202, possession of a controlled substance, because there was nothing disputing the charge on

the conduct report. The sanctions imposed included ninety days of earned-credit-time deprivation and a credit class demotion.

Mr. Rose appealed to the Facility Head and the Indiana Department of Correction (IDOC) Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

In his petition, Mr. Rose asserts three grounds to challenge his prison disciplinary conviction: (1) denial of exculpatory evidence; (2) due process violation due to incorrect case numbers on various forms; and (3) the boots he was issued were not compliant with IDOC policy. Dkt. 1. The respondent has construed Mr. Rose's third ground to be a challenge to the sufficiency of the evidence, and the Court will do so as well. The respondent argues that Mr. Rose's due process rights were not violated, typographical errors in a case number do not violate due process, and there is "some evidence" supporting the hearing officer's finding of guilt. Dkt. 7. Mr. Rose did not file a reply, and the time to do so has passed.

    1.     <u>Denial of Evidence</u>

Mr. Rose first asserts that, in violation of IDOC policy, Officer Tetrick failed to itemize all of the collected evidence in the conduct report and failed to include Lt. Lane's witness statement in the conduct report. Dkt. 1 at 2, 4.

Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims

based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas review.").

Mr. Rose next asserts that he failed to receive Lt. Lane's witness statement at screening, which was a clear violation of his due process rights because he is entitled to all exculpatory evidence. Dkt. 1 at 2.

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of the [this] rule is to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (citation and quotation marks omitted). Evidence is exculpatory if it undermines or contradicts the finding of guilty, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008).

As an initial matter, Mr. Rose did not request any physical evidence in this disciplinary matter. Mr. Rose was given an opportunity to request evidence when he was screened on August 11, 2017, but he declined to request any evidence or call any witnesses. *See* dkt. 7-5. The hearing

4

report also reflects that he did not request any evidence during the hearing – his statement only relates to the sufficiency of the evidence. *See* dkt. 7-7.

Even if prison officials unjustifiably deny a timely evidentiary request, federal habeas relief is available only if the denial resulted in prejudice (i.e., was not harmless). *Jones*, 637 F.3d at 847–48; *see also Davis v. Ayala*, 135 S. Ct. 2187, 2197–98 (2015). Mr. Rose fails to explain how Lt. Lane's statement, dkt. 7-2, is exculpatory. Rather, Lt. Lane's statement is fully consistent with Officer Tetrick's conduct report and is not exculpatory. Thus, Mr. Rose was not prejudiced by any alleged denial. Accordingly, Mr. Rose is not entitled to habeas relief on the ground of denial of evidence.

2. Incorrect Case Numbers

Mr. Rose next asserts that his right to due process was violated because incorrect case numbers appeared on various forms. Mr. Rose states that the case number on his conduct report and screening report list the case number as JCU-17-08-0007, but that the disciplinary hearing report, notice to lay advocate/witness, and the final reviewing authority response list the case number as JCU-17-08-0009. The court reproduces the case numbers from the various relevant documents:



Conduct Report (Dkt. 7-1)    Screening (Dkt. 7-5)

Notice to Lay Advocate (Dkt. 7-6)    Hearing Report (Dkt. 7-7)    Final Reviewing Authority (Dkt. 7-9)

It appears that the screening report was marked with a screening number that could be construed as JCU-17-08-0007. However, it could also be construed as JCU-17-08-0009. The conduct report potentially bore the case number of JCU-17-08-0007 but appears to have been corrected to reflect

5

the correct case number of JCU-17-08-0009. Regardless, these errors are minor in nature. Moreover, there is no due process right associated with minor errors to the case number on a Conduct Report or Screening Report. *See Wolff*, 418 U.S. at 563-71; *Hill*, 472 U.S. at 454-57. There is no basis to conclude that Mr. Rose was prejudiced by these typographical errors. Thus, Mr. Rose is not entitled to habeas relief on this ground. *See Estelle*, 502 U.S. at 67-68 (habeas relief is only available for a violation of the U.S. Constitution or other federal laws).

### 3. Sufficiency of the Evidence

Mr. Rose also asserts that the boots he was provided were not in accordance with IDOC policy. However, habeas relief is unavailable on this ground, as explained above, because claims based on IDOC policy are not cognizable. Moreover, in Indiana, only the issues raised in a timely appeal to the Facility Head and then to the IDOC Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent Petition for Writ of Habeas Corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). The undisputed record reflects that Mr. Rose failed to timely exhaust his available administrative remedies on the grounds that the boots were not in accordance with IDOC policy before filing this action (*see* dkt. 7-8), habeas relief is not available to Mr. Rose on this ground.

Because the respondent has construed Mr. Rose to be challenging the sufficiency of the evidence, the Court will address the sufficiency of the evidence.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence

standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The Adult Disciplinary Code Section B-202 is entitled "Possession or Use of Controlled Substance," and is defined as "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code or possession of drug paraphernalia." Indiana Department of Correction Adult Disciplinary Process, Appendix I: Offenses, available at http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. Possession is defined as:

> On one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control. Areas under an offender's control include, but are not limited to: the door track, window ledge, ventilation unit, plumbing and the offender's desk, cabinet/locker, shelving, storage area, bed and bedding materials in his/her housing assignment and the desk, cubicle, work station and locker in his/her work, educational or vocational assignment.

Indiana Department of Correction, The Disciplinary Code for Adult Offenders at 5, available at http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf.

Here, Officer Tetrick and Lt. Lane found two Hydrocodone pills in a lump in the inner lining of Mr. Rose's boot. The Hydrocodone pills were visually verified by the officers and the medical staff.

7

Under the IDOC definitions, there is sufficient evidence to find that Mr. Rose possessed the Hydrocodone pills which were found under his direct control inside his boot. Moreover, that Mr. Rose had only had the boots for a week or two does not negate the fact that Mr. Rose possessed the drugs in his boot at the time of the search. Thus, Mr. Rose's challenge to the sufficiency of the evidence must be rejected because, under *Ellison*, there is "some evidence" to support the hearing officer's decision.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Rose to the relief he seeks. Accordingly, Mr. Rose's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 10/25/18

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DONNIE A. ROSE
160366
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Aaron T. Craft
INDIANA ATTORNEY GENERAL
aaron.craft@atg.in.gov